OPINION
{¶ 1} As a result of a bar fight during which Defendant, Sheila Rutherford, hit another woman with a glass, causing a serious injury that required twelve stitches, Defendant was indicted on one count of felonious assault, R.C. 2903.11(A)(1), a felony of the second degree. Defendant *Page 2 
entered a plea of guilty to a reduced charge of aggravated assault, R.C. 2903.12(A)(1), a felony of the fourth degree, pursuant to a negotiated plea agreement. After reviewing the presentence investigation report suggesting alcohol and anger management problems, as reflected by Defendant's previous convictions for aggravated menacing, disorderly conduct, and several DUI's, the trial court sentenced Defendant to three years of community control sanctions, including a requirement that Defendant complete the Monday program or, in the alternative, serve six months in the Clark County jail.
 {¶ 2} Defendant timely appealed to this court from her conviction and sentence. Defendant's appellate counsel filed an Anders brief,Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,19 L.Ed.2d 493, stating that she could not find any meritorious issues for appellate review. We notified Defendant of her appellate counsel's representations and afforded her ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300.
 {¶ 3} Defendant's appellate counsel has raised one possible issue for appeal.
 FIRST ASSIGNMENT OF ERROR *Page 3 
 {¶ 4} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MONDAY PROGRAM OR SIX MONTHS INCARCERATION AS PART OF HER COMMUNITY CONTROL SANCTIONS."
 {¶ 5} Before imposing the sentence the trial court reviewed the presentence investigation report, considered the principles and purposes of felony sentencing, R.C. 2929.11, and weighed the seriousness and recidivism factors in R.C. 2929.12. Defendant was convicted of a fourth degree felony, which carries a possible prison term of six to eighteen months. R.C. 2929.14(A)(4). Defendant was eligible for and, in fact was sentenced to, community control sanctions authorized by R.C. 2929.16. See: R.C. 2929.13(A), (B)(2)(b); 2929.15(A)(1). A trial court has broad discretion to decide which community control sanction(s) to select as part of the sentence. R.C. 2929.13(A), 2929.15(A)(1).
 {¶ 6} Pursuant to R.C. 2929.16, the trial court was authorized to impose upon Defendant any community residential sanction, including a term of up to six months at a community-based correctional facility, R.C. 2929.16(A)(1), a term of up to six months in a jail, R.C.2929.16(A)(2), a term in a halfway house, R.C. 2929.16(A)(4), or a term in an alternative residential facility, R.C. 2929.16(A)(5). The trial court's sentence, which required that Defendant either successfully *Page 4 
complete the Monday program or, in the alternative, serve six months in the county jail as part of the community control sanctions, was neither contrary to law nor an abuse of discretion. State v. Knight, Warren App. No. CA2001-12-111, 2002-Ohio-4129; State v. LeMaster, Union App. No. 14-03-04, 2003-Ohio-4415; State v. Williams, Montgomery App. No. 19026, 2002-Ohio-2908. This assignment of error lacks arguable merit.
 {¶ 7} In addition to reviewing the possible issue for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
 WOLFF P.J. And BROGAN, J., concur. *Page 1